Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ROSALINA LASSALLE SANTIAGO  Apelada  v.  WILFREDO GUERRA PONCE  Apelante | TA2026AP00216 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Aguadilla  Civil núm.: AG2024CV00699  Sobre: Disolución de Sociedad Legal de Bienes Gananciales |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece ante este tribunal apelativo, el Sr. Wilfredo Guerra Ponce (señor Guerra Ponce o apelante) mediante el recurso de *apelación* de epígrafe solicitándonos que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 18 de noviembre de 2025, notificada el 20 de noviembre siguiente. Mediante este dictamen, el foro primario declaró *Ha Lugar* a la *Solicitud de Sentencia Sumaria* presentada por la Sra. Rosalina Lassalle Marrero (señora Lassalle Marrero o apelada).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El señor Guerra Ponce y la señora Lassalle Santiago contrajeron matrimonio el 5 de mayo de 1990, bajo el Régimen de Sociedad Legal de Gananciales.[1] El 14 de abril de 2024, la apelada

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI, SUMAC TPI, Entrada núm. 1.

presentó una demanda de divorcio en el caso AG2024RF00247 y la sentencia de divorcio se dictó finalmente el 30 de abril de 2024, notificada y archivada el 1 de mayo de 2024.

El 3 de mayo de 2024, la señora Lassalle Marrero presentó una *Demanda* sobre liquidación de comunidad de bienes post gananciales en contra del señor Guerra Ponce. En esta, solicitó el inventario, avalúo y partición de los bienes y deudas de la extinta sociedad legal de gananciales. **Sin embargo, en la misma no se establecen valoraciones de los inmuebles y del negocio. Tampoco se especifican las cuantías de las deudas, bienes muebles o créditos que le corresponden a cada parte**.

Así las cosas, el apelante fue emplazado personalmente el 9 de mayo de 2024. El 10 de junio de 2024 este compareció ante el TPI, mediante un escrito, en el cual el Lcdo. José A. Acevedo Badillo asumió su representación legal.

El 18 de junio de 2024, la apelada comenzó el proceso de descubrimiento de prueba.[2] Además, el 10 de julio de 2024, la señora Lassalle Santiago cursó al apelante un pliego de interrogatorio.[3] Ante ello, el 22 de agosto siguiente, el señor Guerra Ponce presentó una solicitud de prórroga de veinte (20) días para completar el pliego de interrogatorios cursado por la apeada, la cual fue acogida y el TPI, mediante la Orden, notificada el día posterior, le concedió hasta el 12 de septiembre para completarlo.[4]

Llegado el plazo concedido al apelante y, ante la falta de respuesta, la señora Lassalle Santiago solicitó que se ordenara el descubrimiento de lo solicitado.[5] Así las cosas, el señor Guerra Ponce solicitó nuevamente una prórroga de diez (10) días para cumplir con la entrega de la contestación al pliego, la cual fue

---

[2] SUMAC TPI, Entrada núm. 8.
[3] SUMAC TPI, Entrada núm. 20.
[4] SUMAC TPI, Entradas números 17 y 19.
[5] SUMAC TPI, Entrada núm. 20.

denegada, al igual que su solicitud de reconsideración.[6] El 9 de octubre de 2024, el señor Guerra Ponce presentó la contestación a la demanda y al siguiente día cursó un interrogatorio a la apelada.[7]

Así las cosas, el 23 de diciembre de 2024, la señora Lassalle Santiago solicitó se anotara la rebeldía al señor Guerra Ponce ante la falta del cumplimiento con la orden de descubrimiento. Como consecuencia, peticionó que se eliminaran las alegaciones del apelante.[8] El **2 de enero de 2025**, el TPI declaró *Ha Lugar* a la solicitud de la apelada y anotó la rebeldía al señor Guerra Ponce.[9] **El apelante no solicitó reconsideración.** Más aún, el TPI mantuvo la anotación de rebeldía, luego de celebrada la vista de Conferencia Inicial el 7 de enero de 2025.[10] Es importante destacar que de la *Minuta* surge que el representante legal del apelante informó que "las contestaciones al interrogatorio no dependen de él sino de su cliente, el cual no lo ha puesto en posición." Además, se expresa que el TPI verificó que el señor Guerra Ponce nunca contestó los mensajes de la apelada.

El 18 de febrero de 2025, estando ya en rebeldía, el señor Guerra Ponce presentó una moción en la que solicitó al foro apelado, por segunda ocasión, que ordenara a la apelada a descubrir la prueba que desfilaría en el juicio; así como la lista de los testigos acorde con su derecho como rebelde de conocer la referida evidencia.[11]

El 27 de febrero de 2025 se celebró una vista a la que asistieron las partes con sus abogados. De la *Minuta*[12] surge que el representante legal del apelante manifestó que, aunque este está en rebeldía, ello no es impedimento para que se pueda señalar que su

---

[6] SUMAC TPI, Entradas números 21, 24 y 25.
[7] SUMAC TPI, Entradas números 26 y 28.
[8] SUMAC TPI, Entrada núm. 32.
[9] SUMAC TPI, Entrada núm. 33.
[10] SUMAC TPI, Entrada núm. 35.
[11] SUMAC TPI, Entrada núm. 56.
[12] SUMAC TPI, Entrada núm. 65.

participación en la extinta sociedad legal de gananciales se vea afectada por el uso exclusivo que hace la apelada de las propiedades y ello puede constituir un crédito para él.

Asimismo, el 25 de junio de 2025, el apelante presentó una *Moción para Informar Reclamación de Créditos Pertinentes a la Liquidación de la Comunidad de Bienes Gananciales*.[13] Mediante esta, el señor Guerra Ponce solicitó al TPI que se fijara una compensación mensual a su favor por el uso privativo de las residencias y el negocio por parte de la señora Lassalle Santiago hasta que la liquidación fuese definitiva. A su vez, señaló que se tomara conocimiento de la reclamación de créditos por enriquecimiento injusto y se ordenara una vista económica para tasar: (a) el 50 % del valor de uso y disfrute de las residencias comunes; (b) el 50% de las utilidades netas del negocio ganancial; y (c) la imputación a la cuota ganancial de la apelada de toda pensión excónyuge recibida.

Ahora bien, el 29 de julio de 2025, la apelada presentó una moción en *Solicitud de Sentencia Sumaria*.[14] En esta esbozó trece (13) determinaciones de hechos incontrovertidos los que, a su entender, permiten resolver el caso sumariamente. En esencia, sostuvo que las partes estuvieron casadas entre sí y existió el régimen de la sociedad legal de bienes gananciales por lo que se presume que cada uno es dueño del 50% de la comunidad de bienes formada. Asimismo, adujo que el descubrimiento de prueba concluyó y no existen controversias en cuanto a que la comunidad de bienes está compuesta de dos propiedades inmuebles de uso residencial, una propiedad inmueble que es parte de un negocio en marcha, y que a la fecha no se identificó ninguna deuda. Además, precisó que a base de las tasaciones realizadas la comunidad post

---

[13] SUMAC TPI, Entrada núm. 77.
[14] SUMAC TPI, Entrada núm. 85.

ganancial arrojó un valor ascendente a $738,190, lo cual corresponde a ambos en partes iguales. Por lo que, solicitó que se le adjudicara a la señora Lasalle Santiago, la residencia principal ubicada en el barrio Ceiba Baja, la cual tiene un valor en el mercado de $187,000 y se encuentra en su posesión. Añadió que tal adjudicación fuese con cargo a su participación.

En cuanto al resto de las propiedades, la apelada solicitó que se procediera a venderlas en pública subasta, se le concediera a cada parte su porción justa al liquidar la comunidad post ganancial y se restara de la participación de la apelada el valor de la residencia principal en el mercado. Para sostener su petitorio, lo acompañó de la sentencia de divorcio, de las minutas de vistas anteriores, de la deposición, de las tasaciones y del informe pericial sobre el valor económico de la empresa WGP Doors and Windows.

Además, el 30 de julio de 2025, la señora Lasalle Santiago replicó a la *Moción para Informar Reclamación de Créditos Pertinentes a la Liquidación de la Comunidad de Bienes Gananciales* instada por el apelante.[15] En el escrito, esta advirtió, entre otros asuntos, que el señor Guerra Ponce está en rebeldía lo que le impide levantar defensas.

Por su parte, el 11 de agosto de 2025, el apelante presentó su *Contestación a Sentencia Sumaria*.[16] En esta expresó que no se opone a la liquidación de la comunidad post ganancial. Sin embargo, expuso su oposición a los valores asignados y a la adjudicación de parcial de estos. Por lo que, solicitó se disolviera el caudal de la comunidad de bienes, mediante la venta en pública subasta de todos los bienes y su adjudicación. El señor Guerra Ponce no acompañó su escrito de ningún documento para sustentar sus

---

[15] SUMAC TPI, Entrada núm. 86.
[16] SUMAC TPI, Entrada núm. 92.

alegaciones, ni hizo referencia a los hechos incontrovertidos detallados en el pedido de la apelada.

El 19 de agosto de 2025, se llevó a cabo la *Conferencia con Antelación a Juicio,* a la que comparecieron los representantes legales de las partes. De la *Minuta*[17] surge que el abogado del señor Guerra Ponce insistió en que se le provea la prueba, aun cuando este está en rebeldía. El TPI señaló el juicio en su fondo para el 23 de diciembre de 2025.

Evaluados los escritos de las partes, el 18 de noviembre de 2025, notificada el 20 del mismo mes y año, el foro a *quo* emitió la *Sentencia* apelada.[18] El foro primario determinó que la señora Lasalle Santiago cumplió con los requisitos de la Regla 36.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. Respecto al escrito del apelante, el foro primario concluyó que este no cumplió con los requisitos impuestos en la precitada regla, además de no controvertir los hechos propuestos por la apelada.

En la *Sentencia* impugnada el TPI consignó once (11) determinaciones de hechos no controvertidos y coligió que el valor real de los activos, las dos (2) propiedades inmuebles y el negocio, era $738,190, **según las tasaciones y el informe económico, presentado por la señora Lasalle Santiago en la moción de sentencia sumaria**. Además, adjudicó a esta la residencia principal ubicada en el barrio Ceiba Baja del pueblo de Aguadilla, con un valor en el mercado de $187,000, con cargo a la participación de esta en la comunidad de bienes. **Destacamos que dicho valor también se obtuvo de la tasación que la apelada anejó a su petitorio desestimatorio**. Respecto al resto de los bienes, ordenó que estos fuesen vendidos en pública subasta, al tipo mínimo que consta en los informes de tasación. Por lo que, una vez vendidos todos los

---

[17] SUMAC TPI, Entrada núm. 98.
[18] SUMAC TPI, Entrada núm. 110.

activos, se dividirá la suma obtenida en partes iguales, aplicando a la participación de la apelada el cargo de la propiedad adjudicada. Así, declaró *Ha Lugar* a la *Solicitud de Sentencia Sumaria* instada por la apelada.

Insatisfecho, el señor Guerra Ponce presentó una *Solicitud de Reconsideración;* así como una *Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derecho Adicionales.*[19] En la reconsideración señaló que la demanda original no incluía el valor de los inmuebles objeto a división y que el tribunal solo debía dar por admitidos los hechos correctamente alegados en esta. Por lo que, arguyó que el foro apelado tenía jurisdicción para emitir Sentencia en Rebeldía, sobre las alegaciones de la demanda original, y no sobre la evidencia o alegaciones traídas con posterioridad al ser anotada la rebeldía. Además, expuso que, como rebelde, la asiste el derecho a impugnar las cuantías y presentar prueba de refutación.

En respuesta, la apelada presentó un escrito intitulado *Oposición a Moción de Reconsideración y Moción en Solicitud de Determinaciones de Hechos y Conclusiones de Derechos Adicionales.*[20] Como parte de sus argumentos, apuntaló que el señor Guerra Ponce nunca cursó ninguna tasación y/o informe pericial que refutara los hechos que no están en controversia, según esbozados en la moción de sentencia sumaria.

Por su parte, el señor Guerra Ponce, replicó a la antedicha oposición presentada por la apelada y acompañó su escrito de una serie de anejos para sustentar sus alegaciones relacionadas a que no procedía dictar sentencia sumaria en su contra y que se debe levantar la rebeldía pues existen causas justificadas por negligencia

---

[19] SUMAC TPI, Entradas números 112 y 113. El apelante no las presentó en un solo escrito, según dispone la Regla 43.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1.
[20] SUMAC TPI, Entrada núm. 118.

excusable y así evitar un fracaso a la justicia y el enriquecimiento injusto, entre otros argumentos.[21]

El 28 de enero de 2026, el TPI declaró *No Ha Lugar* a la moción de reconsideración y a la solicitud de determinaciones de hechos adicionales instadas por el apelante.[22] A su vez, en la Resolución dictaminó que una réplica a oposición a moción de reconsideración, luego de emitida la *Sentencia,* no es el vehículo procesal correcto para intentar presentar por primera vez evidencia documental en oposición a una solicitud de sentencia sumaria.

Todavía en desacuerdo, la apelante acude ante este foro intermedio imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL AL DICTAR SENTENCIA POR LA VÍA SUMARIA EXISTIENDO HECHOS EN CONTROVERSIA.
>
> ERRÓ EL HONORABLE TRIBUNAL AL DICTAR SENTENCIA SUMARIA SOBRE HECHOS NO ALEGADOS PREVIO A LA ANOTACIÓN DE REBELDÍA DEL APELANTE EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.
>
> ERRÓ EL HONORABLE TRIBUNAL AL DENEGAR RECONSIDERAR SU DICTAMEN POR SENTENCIA SUMARIA DANDO LUGAR A ENRIQUECIMIENTO INJUSTO DE LA APELADA Y SIN PONDERAR LAS INCONGRUENCIAS EN LAS CUANTÍAS O VALORACIONES DE LOS BIENES SEGÚN LOS DOCUMENTOS PRESENTADOS POR AMBAS PARTES.
>
> ERRÓ EL TRIBUNAL AL MANTENER SU DICTAMEN POR EL MECANISMO DE SENTENCIA SUMARIA EN CRASA VIOLACIÓN A LA IGUAL PROTECCIÓN DE LAS LEYES.
>
> ERRÓ EL TRIBUNAL AL DENEGAR RECONSIDERAR SU DICTAMEN POR SENTENCIA SUMARIA ANTE EL PLANTEAMIENTO DE LA REPRESENTACIÓN LEGAL DE LA PARTE APELANTE SOBRE NEGLIGENCIA EXCUSABLE.
>
> ERRÓ EL TRIBUNAL AL NO TOMAR EN CONSIDERACIÓN LAS APORTACIONES DEL APELANTE EN CONCEPTO DE ADJUDICACIÓN DE REMEDIO PROVISIONAL COLACIONABLE, LAS DEUDAS DEL CAUDAL Y EL CRÉDITO CORRESPONDIENTE AL APELANTE POR EL USO UNILATERAL DE LOS BIENES POR LA APELADA.

---

[21] SUMAC TPI, Entrada núm. 122.
[22] SUMAC TPI, Entrada núm. 128.

El 3 de marzo de 2026, emitimos una *Resolución* concediéndole a la parte apelada, hasta el 30 de marzo de 2026, para expresarse en cuanto al recurso. Ese mismo día, se cumplió con lo ordenado; así nos damos por cumplidos, y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### Mecanismo de Sentencia Sumaria

En nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está gobernado por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual autoriza a los tribunales a dictar sentencia de forma sumaria si, mediante declaraciones juradas u otro tipo de prueba, se demuestra la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Soto y otros v. Sky Caterers*, 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024) Específicamente, la Regla 36.1, 32 LPRA Ap. V, R. 36.1, atiende la solicitud de este tipo de disposición a favor de la parte reclamante en un pleito, mientras que la Regla 36.2, 32 LPRA Ap. V, R. 36.2, permite su petición a favor de la parte contra la que se reclama. En ambas reglas se establece lo siguiente:

> **Regla 36.1. A favor de la parte reclamante**
>
> Una parte que solicite un remedio podrá presentar, …, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.
>
> **Regla 36.2. A favor de la parte contra quien se reclama**
>
> Una parte contra la cual se haya formulado una reclamación podrá presentar, …, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que

el tribunal dicte sentencia sumariamente a su favor
sobre la totalidad o cualquier parte de la reclamación.

Entretanto, la Regla 36.3, 32 LPRA Ap. V, R. 36.3, dispone los requisitos de contenido de la moción de sentencia sumaria y de la contestación a esta, entre otras particularidades del procedimiento. Estos requisitos, como los párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, no son un mero formalismo, ni constituye un simple requisito mecánico sin sentido. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013).

En un primer plano, mediante el uso del mecanismo discrecional de la sentencia sumaria, se aligera la tramitación de un caso, puesto que, ante la ausencia de controversia de hechos, al tribunal solo le corresponde aplicar el derecho. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014). Así, sirve para propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y que, por lo tanto, no requieren la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una o varias controversias de derecho. *Íd.*

Este tipo de resolución procede en aquellos casos en los que no existen controversias **reales y sustanciales** en cuanto a los **hechos materiales y, por lo tanto, lo único que resta es aplicar el derecho**. *Consejo Tit. V. Rocca Dev. Corp.*, et als., 2025 TSPR 6, 215 DPR ___, (2025); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). La precitada Regla 36 de las de Procedimiento Civil, *supra,* dispone, en esencia, que para permitir este tipo de adjudicación resulta necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia surja que no existe controversia real y sustancial, respecto a ningún hecho esencial y

pertinente; y en adición, que se deba dictar sentencia sumaria como cuestión de derecho. *Consejo Tit. V. Rocca Dev. Corp., et als.,* supra; *Meléndez González et al. v. M. Cuebas,* supra, a la pág. 109. En este sentido, solo procede dictarla cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y que el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Meléndez González et al. v. M. Cuebas,* supra, a las págs. 109-110.

Es decir, por un lado, al promovente de la moción le toca establecer su derecho con claridad y demostrar que no existe controversia en cuanto a ningún hecho material, o sea ningún componente de la causa de acción. *Íd.,* a la pág. 110. Por el otro, al oponente le corresponde establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria. *Íd.* Cabe recordar que, en este contexto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Íd.* Mas específicamente, el oponente debe controvertir la prueba presentada y no debe cruzarse de brazos; pues de lo contrario, se expone a que se acoja la solicitud de sentencia sumaria y se le dicte en contra. *Ramos Pérez v. Univisión,* 178 DPR 200, 214-215 (2010). Esto significa que está obligado a contestar de forma detallada y específica aquellos hechos pertinentes que demuestran la existencia de una controversia real y sustancial que requiere dilucidarse en un juicio. *Íd.,* a la pág. 215. En este ejercicio, debe presentar declaraciones juradas o documentos que pongan en controversia los hechos alegados por el promovente, recordando que tampoco puede descansar en meras alegaciones, sino que debe proveer evidencia sustancial de los hechos materiales en disputa. *Íd.*

No obstante, no oponerse a la solicitud de sentencia sumaria no implica ni que procederá dictarla obligatoriamente, si existe una controversia legítima sobre un hecho material, ni que corresponderá dictarla a favor de su proponente si no procede en derecho. *Íd.*

Ahora bien, se han establecido ciertas reglas limitantes de la discreción en el uso de la moción de sentencia sumaria. Por un lado, la determinación en cuanto a esta debe guiarse por un principio de liberalidad a favor de la parte que se opone, lo cual persigue evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hechos legítimas y sustanciales que deben ser resueltas. *Íd.*, a las págs. 216-217. Por el otro, como norma general, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surge que existe una controversia sobre algún hecho material y esencial; o (4) cuando como cuestión de derecho no procede. *Oriental Bank v. Perapi*, supra, a las págs. 26-27. Dicho esto, cabe indicar que la moción de sentencia sumaria no está excluida en ningún tipo de pleito, puesto que, sin importar cuán complejo sea un pleito, puede dictarse si de una moción de sentencia sumaria bien fundamentada surge que no hay controversia sobre hechos materiales. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 112.

En lo relativo al ejercicio de la facultad revisora de este Tribunal de Apelaciones, sobre la procedencia de la sentencia sumaria, **debemos utilizar los mismos criterios que el Tribunal de Primera Instancia**. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 115. En *Meléndez González,* el Tribunal Supremo consignó el siguiente estándar:

"Primero, reafirmamos lo que establecimos en *Vera v. Dr. Bravo, supra,* a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en cuanto a que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia **y tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo**. La revisión del Tribunal de Apelaciones es de *novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

Segundo, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición **cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil**, supra, y discutidos en *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

Tercero, **en el caso de revisión de una Sentencia dictada sumariamente**, el Tribunal de Apelaciones **debe revisar si en realidad existen hechos materiales en controversia**. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación se puede hacer en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

Cuarto y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de *novo* si el Tribunal de Primera Instancia **aplicó correctamente el Derecho a la controversia**." (Énfasis nuestro). *Meléndez González et al. v. M. Cuebas*, supra, a las págs. 118-119.

Por último, esta norma ha sido reiterada año tras año por nuestro Tribunal Supremo, en donde ha establecido que los foros apelativos nos encontramos en la misma posición que los foros de primera instancia al evaluar la procedencia de una **sentencia sumaria**. *Soto y otros v. Sky Caterers*, 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024); *Birriel Colón v. Econo y otro,* 213 DPR 80, 91-92 (2023). Sin embargo, nuestra función se limita a: (1) considerar los documentos que se

presentaron ante el foro de primera instancia; (2) determinar si existe alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Íd.* Cónsono a ello, también se ha establecido que los tribunales revisores estamos llamados a examinar el expediente *de novo* de la manera más favorable hacia la parte que se opone a la solicitud de sentencia sumaria en el foro primario y realizando todas las inferencias permisibles a su favor. *Soto y otros v. Sky Caterers*, supra; *Birriel Colón v. Econo y otro, supra, a las págs. 91-92.*

**Anotación de Rebeldía**

La rebeldía es aquella "posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011), citando a R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 2701, pág. 287. En este sentido, la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, dispone que:

> Cuando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> **El Tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).**
>
> **Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).**
> [...] [Énfasis nuestro]

Conforme surge de la citada regla, esta provee para la anotación de la rebeldía en tres instancias. En primer lugar, cuando el demandado no comparece a contestar la demanda o no se defiende de forma alguna contra las alegaciones en su contra. En segundo lugar, cuando, habiendo comparecido mediante alguna moción previa, no contesta o presenta defensa alguna en el término

concedido por ley. **En tercer lugar, cuando una parte se niega a descubrir prueba, luego de que se le haya requerido mediante los mecanismos de descubrimiento de prueba, o cuando ha incumplido con alguna orden del tribunal**. *Rivera Figueroa v. Joe's European Shop*, supra, a las *págs.* 587-588.

Ahora bien, en lo concerniente al trámite de las sentencias en rebeldía dictadas por el Tribunal de Primera Instancia, la Regla 45.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2, en su inciso (b) postula lo siguiente:

> Podrá dictarse sentencia en rebeldía en los casos siguientes:
> (a) Por el Secretario o Secretaria. [...]
> (b) Por el tribunal. En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. **Si para que el tribunal pueda dictar sentencia** o para ejecutarla **se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba** o hacer una investigación de cualquier otro asunto, **el tribunal deberá celebrar las vistas que crea necesarias y adecuadas** o encomendar la cuestión a un comisionado o comisionada. **Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento** de cualquier vista en rebeldía que celebre. [Énfasis nuestro]

Por tanto, no obstante, el efecto de la anotación de rebeldía, en el descargue de sus funciones, **el tribunal está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestre lo alegado, debiendo para ello celebrar las vistas que crea necesarias y adecuadas.** *Audiovisual Lang. V. Sist. Est. Natal Hnos.*, 144 DPR 563, 577-578 (1997). Es decir, que aun en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. *Íd.*, a las págs. 671-672.

Asimismo, nuestro más alto foro expresó en *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 831-832 (2023), que, de ordinario**,**

**luego de la anotación de rebeldía procede el señalamiento de una vista en rebeldía**. **Para ello el tribunal debe, previamente, haber evaluado si los hechos materiales de la demanda están bien alegados y proceden como cuestión de derecho**. Por lo que, la vista en rebeldía se celebrará para determinar la cuantía de los daños, si alguno, o para comprobar la veracidad de cualquier aseveración respecto al remedio solicitado en la demanda, siempre que esto haya sido advertido previamente a la parte demandante.

De otra parte, como es sabido en todo proceso adversativo es menester cumplir con una serie de requisitos, establecidos con el fin de asegurar un respeto a las exigencias mínimas del debido proceso de ley. Estos requisitos son: (1) que las partes sean notificadas adecuadamente del proceso; (2) que tengan oportunidad de ser oídos; (3) que el proceso se lleve a cabo ante un juzgador imparcial; (4) que las partes tengan derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; (5) que la determinación que en su momento haga el tribunal esté basada en evidencia presentada y admitida y; (6) que las partes tengan derecho a tener asistencia de abogado. *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *McConell v. Palau*, 161 DPR 743, 759 (2004).

El que una parte se encuentre en rebeldía no es impedimento para que haga uso a su derecho a un debido proceso de ley. Según ha aclarado nuestro Tribunal Supremo, a una **parte demandada en rebeldía —que ha comparecido previamente— le cobija el derecho a conocer del señalamiento, a asistir a la vista, a contrainterrogar los testigos de la parte demandante, a <u>impugnar la cuantía</u> y a apelar la sentencia.** *Mitsubishi Motor v. Lunor y otros,* supra; *Ocasio v. Kelly Servs.*, 163 DPR 653, 672 (2005); *Continental Ins. Co. V. Isleta Marina,* 106 DPR 809, 817 (1978). Los tribunales deben advertir a las partes sobre tales

derechos, y notificarles el señalamiento correspondiente. *Continental Ins. Co. V. Isleta Marina*, supra, a la pág. 818.

El tratadista José A. Cuevas Segarra, señala que **"El demandado en rebeldía no puede ofrecer prueba en su propio beneficio y en contra de lo alegado por el demandante. Sin embargo, tiene derecho a contrainterrogar a los testigos del demandante, a impugnar la cuantía de los daños y a revisar la sentencia".** J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1347.

### III.

En esencia, el apelante señaló que el TPI erró al resolver el caso se manera sumaria existiendo hechos en controversia. Arguyó que, a pesar de que se le anotó rebeldía, tenía derecho a impugnar la prueba presentada, a contrainterrogar testigos y a defenderse de las alegaciones posteriores a la anotación de rebeldía. Asimismo, señaló que el dictamen sumario se emitió en violación al debido proceso de ley y la igual protección de las leyes.

De entrada, entendemos procedente atender el quinto señalamiento de error. Señala el apelante que erró el foro primario al no reconsiderar su dictamen de Sentencia Sumaria ante el planteamiento de la representación legal del apelante sobre negligencia excusable. Para comenzar, es pertinente aclarar que a pesar de que el señor Guerra Ponce se refiere a este error como uno relacionado a la reconsideración de la Sentencia Sumaria, en síntesis, es una solicitud para que se levante la anotación de rebeldía. Esto, fundamentado en que aplica la defensa de negligencia excusable según dispuesto en la Regla 49.2 de las de Procedimiento Civil 32 LPRA Ap. V, R. 49.2. En este sentido, el apelante intenta, por vez primera ante esta *Curia*, el relevo de la *Sentencia* apelada. **Lo que constituye un error craso de derecho, ya que este pedido tenía que instarse inicial y únicamente ante**

**el TPI.** Véase *De Jesús Viñas v. González Lugo*, 170 DPR 499, 511 (2007).

Por su parte, y aun cuando lo antes explicado dispone del señalamiento de error, precisa subrayar que la anotación de rebeldía a la parte demandada que comparece puede surgir como consecuencia de negarse a descubrir prueba, luego de que ello haya sido requerido mediante los mecanismos de descubrimiento de prueba o por incumplir con las órdenes del tribunal.

En el presente caso, al apelante se le realizaron una serie de requerimientos durante el descubrimiento de prueba desde el 10 de julio de 2024.[23] Para cumplir con ello, este solicitó prórroga en dos ocasiones; a saber, el 22 de agosto de 2024[24] y el 23 de septiembre de 2024[25]. La primera fue concedida, mientras que la segunda, que fue solicitada luego de que la parte apelada solicitara una orden para que se descubriera lo solicitado, fue denegada. Ante la falta de cumplimiento con el descubrimiento, luego de que el tribunal así lo ordenó, el 23 de diciembre de 2024, la parte apelada solicitó se anotara la rebeldía al apelante y en consecuencia se dieran por admitidos los hechos bien alegados.[26] Ante ello, el 2 de enero de 2025, el foro primario concedió la petición de la apelada y anotó la rebeldía al señor Guerra Ponce.[27] Dicha rebeldía se dejó anotada luego de celebrada la vista de Conferencia Inicial el 7 de enero de 2025.[28] Como mencionamos, de la *Minuta* de dicha vista surge que el representante legal del apelante informó que "las contestaciones al interrogatorio no dependen de él sino de su cliente, el cual no lo ha puesto en posición." Asimismo, se precisó que el tribunal verificó que el señor Guerra Ponce nunca contestó los mensajes de la

---

[23] SUMAC TPI, Entrada núm. 17.
[24] *Íd.*
[25] SUMAC TPI, Entrada núm. 21.
[26] SUMAC TPI, Entrada núm. 32.
[27] SUMAC TPI, Entrada núm. 33.
[28] SUMAC TPI, Entrada núm. 35.

apelada. Por lo que, ante el incumplimiento del apelante con las órdenes del tribunal y por la falta de completar el descubrimiento cursado, no procedía levantar la rebeldía al apelante. Además, el proceder del TPI se justifica al estar huérfano del expediente de alguna explicación específica del apelante que demostrase que el incumplimiento se debió a razones legítimas y no al desdén de su parte.

Por consiguiente, reiteramos que resultan incorrectos en derecho los argumentos del señor Guerra Ponce respecto a la aplicación de la negligencia excusable atribuible a su representante legal. Enfatizamos, además, que del expediente surge que la contestación al descubrimiento de prueba cursado por la apelada, en especial, el pliego de interrogatorio no fue completado por causa del señor Guerra Ponce. Por tanto, procede mantener la rebeldía anotada al apelante.

Resuelto lo anterior, ahora atenderemos los restantes errores. Los cuales, por impugnar la solicitud de sentencia sumaria y su concesión por el TPI; y por ende al estar relacionados entre sí, los discutiremos en conjunto.

A base del derecho antes expuesto y aplicado a la situación de hechos en particular, un demandado al cual se le anota la rebeldía, luego de haber comparecido al pleito, tiene derecho a conocer de los señalamientos, a asistir a la vista, a contrainterrogar testigos de la parte demandante, a impugnar la cuantía y a apelar la sentencia. Sin embargo, la parte a la que se la anote rebeldía no puede traer prueba a su favor a menos que esta sea para interrogar testigos o impugnar cuantías. Cuevas Segarra, *op. cit.,* a la pág. 1347. Por ende, al señor Guerra Ponce, como rebelde, le cobijaban tales derechos luego de anotada la rebeldía en su contra, lo cual reconoció en múltiples escritos ente el foro primario.

Por su parte, la anotación de rebeldía tiene la repercusión de que se estiman aceptadas y ciertas todas las alegaciones bien alegadas en la demanda. *Mitsubishi Motor v. Lunor y otros,* supra; Regla 45.1 de las de Procedimiento Civil, *supra.* En este sentido, analizado minuciosamente la totalidad del expediente ante nuestra consideración, surge que de las alegaciones de la demanda original no aparece el valor de las propiedades en controversia. Al respecto, destacamos que, en la demanda, la apelada se limitó a indicar que las partes, durante el matrimonio, adquirieron bienes muebles e inmuebles los que a grandes rasgos identificó sin establecer el valor individual de los mismos. Tampoco se valoró el negocio que fabrica puertas y ventanas, WGP Doors and Windows. Enfatizamos que la rebeldía no puede dar por admitidos hechos que no estén bien alegados en la demanda, ni pueden estos dar base para una sentencia. Cuevas Segarra*, op. cit.,* a la pág. 1348.

Más bien, las tasaciones de los inmuebles y el valor económico del negocio surgen, por primera vez, como parte de la solicitud de sentencia sumaria instada por la apelada y la valorización constituyó la cuantía por la cual solicitó la parte apelada resolver la controversia ante el TPI. El cual es un trámite procesal posterior a la notación de rebeldía.

Por lo anterior, y conforme el derecho antes reseñado, nos es forzoso concluir que el apelante puede impugnar tales cuantías. Sin embargo, es preciso subrayar que, a pesar de que el tribunal le permitió al señor Guerra Ponce replicar a la solicitud de sentencia sumaria, este no podía presentar prueba a su favor, pues era un demandado rebelde. *Mitsubishi Motor v. Lunor y otros*, supra. Además, a un demandado a quien se le anota la rebeldía renuncia tácitamente a sus defensas. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 104-105 (2022).

Por consiguiente, reiteramos que procede, en estas circunstancias específicas, celebrar una vista en la cual el señor Guerra Ponce tenga la oportunidad de impugnar las valorizaciones de los bienes y contrainterrogar testigos de la apelada, como demandante. Así pues, y como indicamos, este podrá presentar prueba solo para contrainterrogar los testigos o impugnar cualquier cuantía reclamada. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, 6ta. Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 2704, pág. 329; *Master Concrete Corp. Fraya*, 152 DPR 616, 634 esc. 12 (2000). En este punto, no obviemos que en nuestro ordenamiento jurídico se exige que el tribunal, para comprobar la veracidad de cualquier aseveración mediante prueba, celebrará las vistas que sean necesarias y adecuadas.

En virtud del análisis apuntalado, concluimos que el TPI incidió al resolver el caso por la vía sumaria y más aún, determinar hechos no alegados en la demanda ni admitidos por el apelante por razón de la anotación de la rebeldía. Lo que, como hemos explicado, conlleva que el apelante pueda impugnar las valorizaciones de todos los bienes en una vista al respecto.

En fin, procede mantener anotada la rebeldía al señor Guerra Ponce y revocar la *Sentencia* apelada, en la cual se declaró *Ha Lugar* a la solicitud de sentencia sumaria presentada por la parte apelada.

**IV.**

Por los fundamentos antes expuestos, mantenemos la anotación de la rebeldía anotada al señor Guerra Ponce del 2 de enero de 2025 y revocamos la *Sentencia* apelada. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones